

FILED

MAR 2 5 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13    UNITED STATES OF AMERICA,                )
                                               )
14              Plaintiff,                     ) Cr. No.  12-1215GT
                                               )
15          v.                                 ) **ORDER**
                                               )
16    FRANCISCO MANUEL PARTIDA-DIAZ,            )
                                               )
17              Defendant.                     )
                                               )
18

19          On March 15, 2013, Defendant, Francisco Manuel Partida-Diaz ("Mr. Partida"), filed a

20    Motion to Withdraw his Guilty Plea ("Motion").  Mr. Partida argues that his guilty plea was not

21    knowing and voluntary and/or he has a fair and just reason to withdraw his guilty plea.  The Court

22    has fully considered this matter, including a review of the case file, the Motion filed, the authorities

23    cited therein, and arguments presented.  For the reasons stated below, Mr. Partida's Motion to

24    Withdraw his Guilty Plea is **DENIED**.

25    **A. Knowing and Voluntary**

26          Mr. Partida argues that his guilty plea was not knowing and voluntary because "he was not

27    advised that he could be facing a significantly enhanced guideline range" due to his 2005

28    conviction for "Throwing a Substance at a Vehicle."

1    A guilty plea is valid "only if done voluntarily, knowingly, and intelligently, with sufficient

2    awareness of the relevant circumstances and likely consequences." Tanner v. McDaniel, 493 F.3d

3    1135, 1146 (9th Cir. 2007) *quoting*, Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). A defendant

4    must understand the consequences of his plea including "the range of allowable punishment that

5    will result from his plea." Tanner, 493 F.3d at 1147, *qutoing*, Littel v. Crawford, 449 F.3d 1075,

6    1080 (9th Cir. 2006).   The defendant bears the burden of showing by a preponderance of the

7    evidence that his plea was not knowing and voluntary. United States v. Carroll, 932 F.2d 823, 825

8    (9th Cir. 1991).

9    First, there is no evidence before the court to support Mr. Partida's assertion that his guilty

10   plea was not knowing and voluntary. There is no affidavit or declaration by Mr. Partida stating this

11   claim.   There is only the Motion filed by defense counsel presenting the argument.  This is not

12   sufficient to meet Mr. Partida's burden of proof.  Hence, this argument fails.

13   Second, Mr. Partida signed a written plea agreement before entering his guilty plea and

14   participated in a full Rule 11 plea colloquy when his plea was taken.  The plea agreement clearly

15   states that the maximum sentence for his offense is 20 years. Plea Agree. Pg 3.    The plea

16   agreement also has a full section that ackonwledges that Mr. Partida's guilty plea is knowing and

17   voluntary. Plea Agree. Pg 5. The plea agreement also clearly states that the "sentence cannot be

18   determined until a presentence report has been prepared." Plea Agee. Pg 6, Ln 11-13.  More

19   importantly, the plea agreement states that the defendant understands that the "judge may impose

20   the maximum sentence provided by statute," and that he is aware that "any estimate of the probable

21   sentence by defense counsel is a prediction, not a promise, and is not binding on the Court." Plea

22   Agree. Pg 6, Ln 24-27.  Finally, the plea agreement states that the parties may argue for any

23   Specific Offense Characteristic at the time of sentencing. Plea Agree. Pg 7, Ln 28.  Each of these

24   elements were also covered during the Rule 11 plea colloquy. In short, the written plea agreement

25   that Mr. Partida signed fully explained the consequences of his plea and the "range of allowable

26   punishment" that could result from his plea. Accordingly, the Court finds that Mr. Partida's guilty

27   plea was knowing and voluntary.

28   //

**B. Fair and Just Reason for Withdrawal**

Mr. Partida states that his defense attorney did not advise him that his 2005 conviction for "Throwing a Substance at a Vehicle" could merit a +16 as a crime of violence and increase his sentence. Mr. Partida argues that this was inadequate legal advice and hence, is a fair and just reason to withdraw his guilty plea. The Court disagrees.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (citations omitted). The "fair and just" standard is generous and is liberally applied. Id. Erroneous or inadequate legal advice may be a "fair and just" reason for withdrawing a guilty plea. Id. If a defendant shows that his counsel's "gross mischaracterization" of a possible sentence could plausibly have motivated his decision to plead guilty, this is sufficient to constitute a "fair and just" reason for withdrawing his plea. Id. The defendant bears the burden of showing that he has a "fair and just" reason for withdrawing his guilty plea. Id.

First, as stated above, there is no evidence before the Court showing that Mr. Partida has a "fair and just" reason for withdrawing his guilty plea. There is no affidavit or declaration from Mr. Partida, or anyone else, attesting that his counsel gave erroneous or inadequate legal advice. There is only the Motion papers from his counsel making this argument. This is not sufficient evidence to meet Mr. Partida's burden of proof. Hence, This argument fails.

Second, as pointed out above, Mr. Partida signed a written plea agreement. The plea agreement clearly stated that the maximum sentence that Mr. Partida could receive was 20 years in prison. Plea Agree. Pg. 3. The plea agreement also stated that the sentence could not be determined until after a presentence report was prepared. Plea Agree. Pg 6. More importantly, the plea agreement stated that "the judge may impose the maximum sentence provided by statute" and that any estimate by defense counsel "is a prediction, not a promise, and is not binding on the Court." Id. Hence, Mr. Partida knew that his sentencing exposure was a maximum of 20 years and that any prediction of a sentence by his defense counsel was not binding on the Court. Hence, Mr. Partida's argument that he "was not aware of the true nature of his potential custody exposure"

12cr1215

1    fails. Accordingly,

2         **IT IS ORDERED that Mr. Partida's Motion to Withdraw his Guilty Plea is DENIED.**

3         **IT IS SO ORDERED.**

4

5

6    _3/25/13_
     date

7                                                GORDON THOMPSON, JR.
                                                 United States District Judge

8    cc:  All counsel and parties without counsel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cr1215